UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| EUGENE R. LUNDAK, | Civil No. 04-4297 (JRT/FLN) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| OFFICER TOM NYSETH and WINONA POLICE DEPARTMENT, | |
| Defendants. | |

William L. French, **LAW OFFICE**, 627 Woodhaven Court, N.E., Rochester, MN  55906, for plaintiff.

Jason J. Kuboushek, **IVERSON REUVERS, LLC**, 9321 Ensign Avenue South, Bloomington, MN  55438, for defendants.

Plaintiff Eugene Lundak brings suit against now-deceased Winona Police Officer Tom Nyseth and the Winona Police Department alleging illegal entry and search of his home, illegal seizure of property, and failure to train in violation of the United States Constitution, as well as state law claims for conversion and failure to inventory. Plaintiff moves to substitute several parties in the caption. Defendants move for summary judgment. For the following reasons, the Court grants in part and denies in part plaintiff's motion and grants the defendants' motion with respect to the federal claims and remands the state law claims to the Minnesota district court.

## BACKGROUND

On April 12, 1998, Sergeant Nyseth and two other Winona Police Officers responded to a call from plaintiff Eugene Lundak's then-brother-in-law, Charles Scovil, that plaintiff was threatening to kill himself.[1] After knocking on the door and receiving no answer, the officers entered plaintiff's home through an unlocked side door. Once inside, the officers found two old farm guns behind a door, an empty rifle case in the living room, and several bullets and a shotgun shell on the table. The officers asked Scovil to take possession of the guns for safekeeping. Following a conversation with the Chief of the Winona Police, Scovil gave the guns to a friend of plaintiff, who apparently lost them.

On November 23, 1999, plaintiff commenced a Conciliation Court action against Nyseth and the Winona Police Department for the alleged value of the guns. After losing in Conciliation Court, plaintiff removed the action to state District Court, alleging illegal entry of his home and conversion of the guns. The District Court granted summary judgment to the defendants based on official immunity. Plaintiff appealed to the Minnesota Court of Appeals, which affirmed the grant of official immunity with respect to the entry and search of plaintiff's home, but reversed with respect to the conversion claim, and remanded the case for further proceedings. *Lundak v. Nyseth*, 2001 WL

---

[1] The April 1998 call was at least the second such call the police had received from Scovil regarding plaintiff. On June 28, 1997, police had responded to a similar call, spoken with plaintiff, determined that he was not mentally stable, and taken him to the hospital. Plaintiff claims that he never told Scovil, or anyone else, that he was planning to kill himself, and that Scovil's calls to police were an attempt to help plaintiff's wife (Scovil's sister) in her divorce by discrediting plaintiff.

1085067 (Minn. Ct. App. Sept. 18, 2001).  Upon remand, plaintiff amended his complaint to allege illegal entry of his home, conversion of the guns, negligent failure to inventory the guns, and, under § 1983, illegal entry and search of his home, illegal seizure of the guns, a pattern and practice of the same, and a failure to train.  Defendants removed the case to this Court based on the federal civil rights claims.  Defendants move for summary judgment on all claims.

## ANALYSIS

I.  **MOTION TO SUBSTITUTE**

The Court grants the motion in these two respects.  Plaintiff moves to substitute the City of Winona for the Winona Police Department.  Although police departments generally are not considered legal entities subject to suit, *see Brown v. Fifth Judicial District Drug Task Force*, 255 F.3d 475, 477 (8th Cir. 2001); *Hyatt v. Anoka Police Dept.*, --- N.W.2d ----, 2005 WL 1668866, at *2 (Minn. Ct. App. July 19, 2005), where a plaintiff has improperly sued a police or sheriff's department, the Eighth Circuit has approved both simply analyzing the claims as if they were alleged against the appropriate city, *see, e.g., Tilson v. Forrest City Police Dep't*, 28 F.3d 802, 807 (8th Cir.1994), and dismissing the case without prejudice to permit refiling against a suitable individual or entity, *De La Garza v. Kandiyohi County Jail*, 18 Fed. Appx. 436 (8th Cir. 2001).  In keeping with this liberal approach, the Court grants plaintiff's motion in this respect.

Plaintiff also moves to substitute the Successor or Representative of Officer Tom Nyseth for Officer Tom Nyseth.  Federal Rule of Civil Procedure 25 requires either party

to bring a motion to substitute parties within 90 days after the death is suggested upon the record or face dismissal of the action. Fed. R. Civ. P. 25(a). Nyseth's death was not suggested upon the record of this case until defendants filed their memorandum in support of summary judgment on June 16, 2005. The Court grants the motion.

Finally, plaintiff moves to substitute the Successor or Representative of Officer Tom Nyseth for Officer Tom Nyseth in his individual capacity. As Officer Tom Nyseth in his individual capacity was not previously a party to this suit, *see infra*, this motion would more appropriately have been styled as a motion to amend the complaint to assert claims against the Successor or Representative of Officer Tom Nyseth in his individual capacity pursuant to Federal Rule of Civil Procedure 15. It is long established that a § 1983 litigant wishing to sue a government agent in his individual, as well as official, capacity must "expressly and unambiguously state so in the pleadings." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). Plaintiff's complaint did not specify claims against Nyseth in his individual capacity and the Court finds that permitting such an amendment at this late date in the case would be unduly prejudicial to defendants and not be in the interests of justice. *See* Fed. R. Civ. P. 15(a). Accordingly, the Court denies the motion to the extent it seeks to add the Successor or Representative of Officer Tom Nyseth for Officer Tom Nyseth in his individual capacity.

## II.   SECTION 1983 CLAIMS

Plaintiff alleges that the officers' entry and search of his house and seizure of his guns violated the Fourth and Fifth Amendments.[2] The Court finds that defendants are entitled to summary judgment because Nyseth's actions do not constitute a Constitutional violation.

### A.   Entry and Search

Numerous state and federal cases have recognized that the Fourth Amendment does not bar police officers from making warrantless entries and searches when they reasonably believe that a person within is in need of aid. *See Radloff v. City of Oelwein, Iowa*, 380 F.3d 344, 347-48 (8th Cir. 2004); *State v. Othoudt*, 482 N.W.2d 218, 223 (Minn. 1992). Whether an officer reasonably believed an emergency existed is determined based on whether the facts available to the officers when they entered the home would lead a person of reasonable caution to believe that someone inside the home needed emergency assistance. *Othoudt*, 482 N.W.2d at 223. In this case, based on Scovil's call and the previous call regarding plaintiff's mental stability, Nyseth and the other officers could reasonably have concluded that plaintiff needed emergency

---

[2] As noted above, plaintiff's complaint names Nyseth in his official capacity only. A suit against a public employee in his official capacity is merely a suit against the governmental entity and must, therefore, allege not only that his constitutional rights were violated by the named defendant, but that the violation occurred pursuant to an official policy or custom of the governmental entity. *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987). Because the Court finds that Nyseth's actions did not constitute a constitutional violation, it need not discuss whether those actions, or the harm to plaintiff that they caused, were pursuant to a department policy.

assistance. Accordingly, Nyseth's entry and search of plaintiff's home did not violate the Fourth Amendment.

### B.    Deprivation of Property

Plaintiff alleges that Nyseth unlawfully deprived him of his property. In *Johnson v. Outboard Marine Corporation*, the Eighth Circuit found no Fourth or Fourteenth Amendment violation where a police officer erroneously seized property not covered by the valid writ of execution that he was trying to enforce. 172 F.3d at 536-37. The Circuit observed that the fact that the officer was wrong in his belief that he could seize the property does not make the seizure unreasonable for Fourth Amendment purposes. *Id.* Furthermore, the availability of a prompt post-deprivation hearing satisfied the demands of the Fourteenth Amendment. *Id.* at 537. Along similar lines, in *Williams v. Soligo*, the Circuit stated that "[m]ere negligence is not an actionable deprivation" and found that an officer that seized a car validly purchased at an abandoned car auction in order to return it to the previous owner that had reported it stolen was merely negligent. 104 F.3d 1060, 1061 (8th Cir. 1997).

The Court finds that, as in *Johnson* and *Williams*, Nyseth's possibly erroneous and/or negligent determination that he could and should make arrangements for an apparently responsible relative of plaintiff to take charge of unsecured weapons discovered in connection with an unresolved potential suicide call was not unreasonable for Fourth Amendment purposes. Furthermore, post-deprivation remedies, including a

claim for conversion, are available to and have been exercised by the plaintiff. Nyseth's actions, therefore, did not violate either the Fourth or the Fourteenth Amendments.

### C. Conclusion

As the Court finds that Nyseth's actions did not rise to the level of a Constitutional violation, defendants are entitled to summary judgment on all of the federal claims. *See Radloff*, 380 F.3d at 347-48 (granting summary judgment on a § 1983 illegal entry and search claim because no constitutional violation was shown); *McCoy v. City of Monticello*, 411 F.3d 920, 922 (8th Cir. 2005) ("in order for municipal liability to attach, individual liability first must be found on an underlying substantive claim" and, therefore, absent individual liability, "the city cannot be held liable on either an unconstitutional policy or custom theory or on a failure to train or supervise theory") (citing cases).

### III. STATE LAW CLAIMS

Having found no viable federal claims upon which to base jurisdiction over this case, the Court declines to exercise supplemental jurisdiction over plaintiff's state law claims of conversion and negligent failure to inventory. These claims may well be colorable based on the earlier Minnesota state court decisions, but the Court will express no viewpoint on the merits of the claim. The Court will remand these remaining claims to the state District Court for expeditious handling.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion to Substitute Party [Docket No. 23] is **GRANTED in part and DENIED in part** in accordance with the above memorandum.

2. The caption of this case should read as: Eugene R. Lundak v. The Successor or Representative of Officer Tom Nyseth in his Official Capacity and the City of Winona. The Clerk of the Court is **DIRECTED** to adopt this caption for use in all future proceedings in this matter.

3. Defendants' Motion for Summary Judgment [Docket No. 9] is **GRANTED in part** with respect to the federal claims and **DENIED in part** with respect to the state law claims.

4. This matter is **REMANDED** to the State of Minnesota District Court, Third Judicial District Winona County.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: September 12, 2005             s/ John R. Tunheim
at Minneapolis, Minnesota.            JOHN R. TUNHEIM
                                                       United States District Judge